MAY TERM, 1881, No. 60.                    MAY 2D, 1881.

## Appeal of George W. Pyle.

1. This Court will not interfere with the discretion of the judges of the Orphans' Court in the selection and appointment of a trustee to sell real estate in proceedings in partition, unless there appears a very palpable abuse of it.

2. It is not enough to warrant a reversal of the decree that the Court below declined to appoint one of the two administrators of the estate of the decedent who was ready to enter security and sell, and also declined to appoint a trustee suggested by seven-ninths in interest of the heirs of the decedent.

APPEAL from the decree of the Orphans' Court of *Lancaster County* appointing J. B Kaufman trustee to sell the real estate of Frederick Pyle, deceased.

Frederick Pyle died September 4th, 1879, leaving eight children, viz.: George W. Pyle, W. C. Pyle, Sarah, wife of John Sylvius, Emma R., wife of Christian Wise, Joseph Pyle, Philip Pyle, Allen G. Pyle, and Frederick Pyle, Jr., since deceased, and three grandchildren, William H., Henrietta S., and George F., all minor children under the age of fourteen years, of Mary C. Leonard, deceased, a daughter of the said Frederick Pyle. Letters of administration were granted September 8th, 1879, to George W. Pyle and W. C. Pyle, the two eldest sons of the decedent. On the 9th day of October, 1880, the petition of Joseph Pyle, one of the heirs, was presented to the Orphans' Court asking for an inquest to make partition of the real estate of the decedent, which petition was amended October 30th, 1880, by adding the name of Julius B. Kaufman, guardian of the Leonard minors. An inquest was awarded, and the proceedings were returned and confirmed *nisi* November 15th, 1880. The same day the Court granted a rule on the heirs and legal representatives of deceased to come into court November 27th, 1880, to accept or refuse the real estate, or show cause why the same should not be sold. This rule was continued until November 29th, on which day one of the purparts was accepted. No cause was shown, and December 2d, 1880, Joseph Pyle presented a petition asking for the sale of the unaccepted real estate, and on the 4th of December his attorney obtained a rule on the administrators to produce their bond and take out an order for the sale of the real estate in ten days. On December 13th, 1880, the affidavit of W. C. Pyle, one of the administrators, was filed, setting forth " that the said administrators are ready with their bond, which they will present at the next sitting of the Court on December —, 1880, and if said bond with the sureties on the same are approved by the said Orphans' Court, they will then ask for an order to sell as directed by the Court." December 20th, 1880, the Court granted a rule on the administrators to come into court December 25th, 1880, and present their petition, asking for an order to sell the real estate, and their bond for approval. On that day George W. Pyle, one of the administrators, came into court, asked for an order of sale, and presented his bond. The other administrator did not appear or unite in the bond. On the same day the appellant and six others of the children of the decedent filed a petition asking the Court to appoint Christian Wise trustee to sell the real estate, and the bond of Wise was presented.

[Appeal of George W. Pyle.]

The decree of the Court was as follows:

"Now, December 25th, 1880, the administrators not unit-ing in qualifying to make sale as per order of past date, the Court declined to approve the bond presented by one of the administrators, and now appoint as trustee J. B. Kauf-man, Esq., as trustee to sell the real estate, he being guardian for some of the heirs, and order bail in the sum of $26,000, first to be approved by the Court."

George W. Pyle appealed, and assigned as error that the Court erred in not granting an order to sell to him as one of the administrators, and in appointing a trustee to sell against the wishes of the majority of the heirs.

*B. F. Davis* for the appellant.

According to the act of February 24th, 1834, a trustee to sell is only appointed *after* an order to sell is made, and in case the executor or administrator neglects or refuses to exe-cute the order. In this case there could be no neglect or re-fusal of the administrator to execute any order of sale, since no order was made previous to the appointment of the trus-tee: Neeld's Appeal, 20 P. F. Smith, 113. The appellant was ready to sell, and presented his bond. He is in no wise liable for the neglect or disobedience of his co-administrator. His joinder in the petition for the appointment of Wise was no refusal: Shomo's Appeal, 7 P. F. Smith, 356; McClellan's Appeal, 4 Harris, 110; Baughman's Estate, 4 L. Bar., 5th October, 1872; Snyder's Appeal, 12 Casey, 166.

*W. R. Wilson* and *A. M. Frantz* for the appellee.

These administrators trifled with their duty and the court. The sale of real estate is a responsible trust. No one is so well qualified to exercise a sound discretion in the selection and appointment as the local judges. The Superior Courts will not interfere, except in cases of gross abuse: Neeld's Appeal, 20 P. F. Smith, 113. In point of fact it is not true that the order of sale was made after the appointment of the trustee. When a day for acceptance is fixed, and the prop-erty is not accepted, and no cause shown, it is virtually deter-mined that it shall be sold.

It was not a definitive decree. Opinion of SHARSWOOD, C. J., in Snodgrass's Appeal.

PER CURIAM: In general we will not interfere with the discretion of the Court below on a question of this character, unless there appears a very palpable abuse of it. We cannot say that·such appears in this case. The Court declined to approve the bond presented by one of the administrators.

One reason given was that the other administrator had not united in the bond. Without better knowledge of all the circumstances,—known to the Court below,—and which we do not possess, we cannot say that there was error in this.

Decree affirmed and appeal dismissed at the cost of the appellant.